### KERRIGAN v. POOLE.

1. Mackinac Island State Park — Jurisdiction of State — Authority of Park Commission.

The jurisdiction of the State over the lands now constituting the Mackinac Island State Park is dependent entirely on the act of Congress of March 2, 1895 (28 Stat. 946), turning the same over to it for park purposes; and the State has seen fit to commit the management and control of such property to a park commission, provided for by 1 Comp. Laws, §§ 1258, 1259, rather than to the municipality within whose territorial limits it is situated.

2. Same—Vehicles—License Fees.

By virtue of the authority so conferred, such commission has power to impose license fees upon the owners of carriages for hire, using the roads in the park.

Error to Mackinac; Shepherd, J. Submitted June 4, 1902. (Docket No. 59.) Decided June 27, 1902.

*Assumpsit* by Patrick Kerrigan against Samuel B. Poole, superintendent of the Mackinac Island State Park, to recover license fees paid under protest. From a judgment for plaintiff, defendant brings error. Reversed.

*T. J. O'Brien, J. H. Campbell,* and *Henry Hoffman,* for appellant.

*James J. Brown,* for appellee.

131 Mich.—20.

MOORE, J. The defendant is superintendent of Mackinac Island State Park. In June, 1901, the commissioners having charge of that park adopted the following resolution:

"*Resolved*, that the park superintendent be authorized and directed to collect a license fee from each driver of vehicles used for hire, as follows: One dollar yearly for each one-seated carriage, two dollars yearly for each two-seated carriage, and three dollars yearly for each three-seated carriage."

In the summer of 1901 Mr. Kerrigan was the owner and driver for hire of one two-seated carriage and of one three-seated carriage, and on demand of Mr. Poole, superintendent, and under protest, paid license fees amounting to $5 for the carriages owned and driven by him. Mr. Kerrigan had before this paid a license fee exacted of him by the authorities of the city of Mackinac Island. The sole question is whether the commission having charge of this park has the right to collect fees from owners of carriages for hire, using the roads running through the park.

Mackinac Island contains about 2,200 acres, about half of which is contained in this park. The title to the land contained in the park has for a great many years been in the government of the United States. There has been the following legislation in relation to these lands:

An act of Congress of March 3, 1875 (18 Stat. 517), by which all of the island of Mackinac then held by the United States, under military reservation or otherwise, excepting the fort, and the land extending 400 yards each way from the flagstaff, was reserved and withdrawn from settlement, and dedicated and set apart as a national park, under the control of the secretary of war.

An act of Congress of March 2, 1895 (28 Stat. 946), to turn over to the State, for use as a State park, the lands of the National Park on Mackinac Island, which provided:

"MILITARY RESERVATION ON MACKINAC ISLAND, MICHIGAN: The secretary of war is hereby authorized, on the application of the governor of Michigan, to turn over to the State of Michigan, for use as a State park, and for no other purpose, the military reservation and buildings and the lands of the National Park on Mackinac Island,

Michigan: *Provided,* that, whenever the State ceases to use the land for the purpose aforesaid, it shall revert to the United States."

An act of the legislature of the State of Michigan of May 31, 1895, accepting the park, and establishing a board of commissioners, to be known as the "Mackinac Island State Park Commission," and providing that the commission should have the control and management of the Mackinac Island State Park. 1 Comp. Laws, §§ 1257–1260.

In 1865 the legislature incorporated the village of Mackinac, which included within its limits the entire island. In June, 1899, the legislature incorporated the city of Mackinac Island; giving to it the same area the village had, and conferring the usual powers conferred upon cities.

We are satisfied the State never had any jurisdiction or right over the land in the park and military reservation until after the passage of the act of Congress of March 2, 1895, by which the park was turned over to the State. By the act of Congress of March 2, 1895, the secretary of war was authorized to turn over to the State of Michigan these lands for use as a State park, and for no other purpose; and it was provided that, whenever the State ceased to use the land for that purpose, it should revert to the United States. The State has no other right to the land. It became possessed of it for use as a park, with all the powers and rights incident thereto—of control, maintenance, improvement, and regulation—that the government itself would have if the land continued to be a national park. We think the commission did not exceed its authority in requiring this license fee to be paid.

The judgment is reversed, and no new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.